Judge Marsha J. Pechman

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY C. ROSENAU,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

NO. C13-1997MJP
  (CR06-00157MJP)

GOVERNMENT'S ANSWER
OPPOSING MOTION FILED
UNDER 28 U.S.C. § 2255
*Note on Motion Calendar*:  March 14, 2014

## I.  INTRODUCTION

The United States of America hereby submits this answer in opposition to Defendant-Petitioner Henry C. Rosenau's motion to vacate his sentence under 28 U.S.C. § 2255.   For the reasons set forth below, Rosenau's motion should be denied.

A.    **Summary Of Rosenau's Motion.**

Rosenau is a federal prisoner serving a 120-month sentence for conspiracy to import marijuana in violation of 21 U.S.C. § 952, 960(a)(1) and (b)(2), and 963.  Rosenau contends that he received ineffective assistance of counsel during plea negotiations.  He also argues that his sentence violates the rule of specialty because he was subject to sentencing enhancements for crimes other than those for which he was extradited from

Canada.  Finally, he argues that his sentence violates the rule announced in *Alleyne* v. *United States*, 133 S. Ct. 2151 (2013).

**B.     Summary Of The United States' Response To Rosenau's Petition.**

Rosenau's petition should be denied as lacking any merit.  He explicitly waived his right to make a collateral attack on the judgment or sentence against him except on grounds of ineffective assistance of counsel, and two of the three grounds on which he seeks relief are barred by that waiver.  And he cannot establish either error in or prejudice from his counsel's performance.

As a threshold matter, the United States agrees that Rosenau is a prisoner in federal custody, and thus meets the "custody" requirement of the habeas corpus statute.  According to the federal inmate locator available on-line, Rosenau is presently incarcerated at Northeast Ohio Correctional Center in Youngstown, Ohio, and his projected release date is July 29, 2020.

**C.     Rosenau's Use Of Other Federal Remedies And The Timeliness Of His Current Motion.**

In November 2012, Rosenau was convicted pursuant to his guilty plea of conspiracy to import marijuana.  CR 180.[1]  Rosenau did not appeal.  Accordingly, his conviction and sentence became final "upon the expiration of the time during which []he could have sought review by direct appeal."  *United States* v. *Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001).   The judgment against him was entered on November 8, 2012.  CR 180.  His conviction became final 14 days later, on November 22, 2012.  *See* Fed. R. App. P. 4(b)(1)(A)(i).

Rosenau's 2255 motion was filed, at the earliest, on October 30, 2013, the date that Rosenau has sworn his motion was deposited in the prison mail system.  *See* Rule

---

[1] "CR" citations refer to document numbers in the district court docket in Rosenau's criminal case, No. CR06-00157MJP.  "CR2255" citations refer to document numbers in the docket of this 2255 proceeding, No. 13-CV-1997.  "PSR" refers to the presentence report prepared by the United States Office of Probation in Rosenau's criminal case.

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3(d) of the Rules Governing Section 2255 Cases in the United States District Courts; *see generally Houston* v. *Lack*, 487 U.S. 266, 275-76 (1988). This motion was filed within the one-year limitation period. *See* 28 U.S.C. §2255(f)(1).

This is not a second or successive petition. There are accordingly no issues as to abuse or delay under Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts.

**D.      Need For An Evidentiary Hearing.**

No evidentiary hearing is required on Rosenau's motion because "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States* v. *Andrade Larrios*, 39 F.3d 986, 991 (9th Cir. 1994); *Shah v. United States*, 878 F.2d 1156, 1158-60 (9th Cir. 1989). "Although section 2255 imposes a fairly lenient burden on the petitioner, the petitioner is nonetheless 'required to allege specific facts which, if true, would entitle him to relief.'" *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003) (citation omitted). As discussed below, Rosenau has not done so.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.      The Indictment.**

In September 2009, Rosenau was charged by superseding indictment with conspiracy to import marijuana, conspiracy to distribute marijuana, and possession of marijuana with intent to distribute. CR 4; PSR at 3.

**B.      The Plea Agreement and Change of Plea Hearing.**

Rosenau's first trial ended in a hung jury. PSR at 3. Shortly before his second trial was scheduled to begin, he entered into a written plea agreement in which he acknowledged his guilt on count one of the superseding indictment, conspiracy to import marijuana. CR 173; 174.

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   As part of that agreement, Rosenau acknowledged that the marijuana conspiracy to
2   which he was pleading guilty involved in excess of 100 kilograms of marijuana.  CR 174
3   at 2.  He also acknowledged that seizures of 485 pounds, 500 pounds, and 1100 pounds
4   of marijuana represented only a "fraction of the marijuana loans" imported by the
5   conspiracy.  CR 1745 at 5.

6       Rosenau's plea agreement includes a waiver of appeal and the right to collaterally
7   attack his sentence so long as the district court imposed a sentence "within or below the
8   Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the
9   Guidelines range)."  CR 174 at 8.

10      In exchange for Rosenau's guilty plea, the United States agreed to dismiss the
11  remaining two counts in the Superseding Indictment.  CR 174 at 6-7.  The United States
12  also agreed that Rosenau would not be prosecuted for any additional offenses based on
13  evidence already known to the government.  CR 174 at 7.  The plea agreement also
14  provides that the "United States agrees to take no position with regard to any request by
15  Defendant for a treaty transfer made pursuant to a valid treaty with Canada," CR 174 at 7,
16  but also that "the agreement binds only the United States Attorney's office for the
17  Western District of Washington" and "does not bind any other United States Attorney's
18  Office or any other office or agency of the United States."  CR 174 at 9.

19      The parties agreed that a base offense level of at least level 30 applied under
20  section 2D1.1(c) of the Sentencing Guidelines "corresponding to at least 945 kg of
21  marijuana that was seized."  CT 174 at 6.  The parties reserved the right to present
22  arguments regarding what constituted relevant conduct that could increase the base
23  offense level.  CR 174 at 6.  The parties also agreed that a two-level reduction for
24  acceptance of responsibility should apply under section 3E1.1(a) provided that Rosenau
25  demonstrated acceptance of responsibility to the Court.  CR 174 at 6.  The parties also
26  reserved the right to present arguments regarding the application of other Guidelines
27  provisions.  CR 174 at 6.  The parties acknowledged that the district court retained

28

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  discretion to reject the stipulated adjustments and had authority to "impose any sentence
2  authorized by law, up to the maximum term authorized by law." CR 174 at 4, 6.

3      At the change of plea hearing on July 11, 2012, the court reviewed Rosenau's right
4  to proceed to trial, his decision to plead guilty, and the terms of the plea agreement.
5  CR 175.   Rosenau stated that he was satisfied with the representation of his counsel.
6  CR 175 at 4.   He stated specifically that he had had the opportunity to review the
7  agreement with his counsel and did not need more time to review it.  CR 175 at 5.  He
8  also stated that he understood the plea agreement and acknowledged that one of the
9  significant things that he was gaining by pleading guilty was exposure to a reduced
10 mandatory minimum.  CR 175 at 5, 7.  He acknowledged that the statutory maximum for
11 his offense was 40 years.  CR 175 at 8.  The court specifically informed him that, at
12 sentencing "the government is probably going to argue that the guidelines should be
13 increased."

14     Rosenau explained that he was pleading guilty because he hoped that, as a
15 Canadian citizen, he would get a treaty transfer and "not have to do a whole bunch of
16 time.  Otherwise, I'd probably be going to trial." CR 175 at 17.  The court explained that
17 "nobody can promise you a treaty transfer."  CR 175 at 17-18.  Rosenau stated that he
18 understood that, but was "hoping and praying it will happen."  CR 175 at 17-18.

19     The court also explored the guilty plea with Rosenau's counsel.  CR 175 at 19.
20 Rosenau's counsel stated that he had had an opportunity to consult with and advise
21 Rosenau about what he was giving up by pleading guilty.   CR 175 at 19.  Rosenau's
22 counsel also stated that Rosenau had asked him "a great deal" of questions about the plea,
23 and that he was satisfied that Rosenau understood the terms and conditions of the plea
24 agreement. CR 175 at 19.

25     The court then explained that it was required to calculate the applicable
26 Sentencing Guidelines range, and that it would then decide the appropriate sentence.
27 CR 175 at 10-11.   The court also made clear that it was not bound by any

28

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   recommendations regarding the applicable Guidelines range or appropriate sentence
2   offered by the parties or the United States Probation Office.  CR 175 at 11.

3         After this colloquy, Rosenau pleaded guilty to count one of the Superseding
4   Indictment.  CR 175 at 19.  The court accepted Rosenau's guilty plea.  CR 175 at 22.

5   **C.   Rosenau's Sentencing.**

6         In October 2012, the probation office submitted a revised Presentence Report after
7   the parties provided objections to the initial report.  PSR at 1.  Based on the information
8   obtained during the presentence investigation, the probation officer concluded that
9   Rosenau was responsible for conspiracy to import 1,174 kilograms of marijuana, taking
10  into account only seizures of marijuana that the probation office had concluded that
11  Rosenau personally flew across the United States/Canada border, including the three
12  seizures of marijuana totaling 945 kilograms for which Rosenau admitted responsibility
13  in the plea agreement, and 500 kilograms seized from co-conspirators on August 12,
14  2005.  PSR ¶ 17.  Applying USSG § 2D1.1(c)(4), the probation officer calculated a base
15  offense level as 32, the applicable level for quantities of marijuana between 1,000 and
16  3,000 kilograms.  PSR ¶ 23.
17
18        The probation officer applied three enhancements:  a two-level enhancement under
19  USSG § 2D1.1(b)(1) because the offense involved the possession of a firearm, PSR ¶ 24;
20  a two-level enhancement under USSG § 2D1.1(b)(3) because the offense involved the
21  use of unscheduled aircraft to import the drugs, PSR ¶ 25; and a two level upward
22  adjustment under USSG § 3C1.1 for obstruction of justice, PSR ¶ 28.  The probation
23  officer also applied a two-level downward adjustment for acceptance of responsibility.
24  PSR ¶ 30.  Based on these calculations, the probation officer concluded that Rosenau's
25  total offense level was 36.  PSR ¶ 33.  With a Criminal History category of I, the
26  resulting Guidelines range as calculated by the probation officer was 188 to 235 months.
27  PSR ¶ 67.  The statutory mandatory minimum term of imprisonment was five years.  PSR
28  ¶ 66.

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rosenau made a number factual objections to the Presentence Report, including objections to facts that he had admitted in his plea agreement. PSR addendum. He also objected to probation's calculation of drug quantity, arguing that he was not responsible for the 500 pounds of marijuana seized from his co-conspirators on August 12, 2005. PSR Addendum. Finally, he objected to the application of the enhancement for the use of a firearm. PSR addendum.

At the sentencing hearing, the court concluded that the Probation Officer had correctly calculated the Guidelines. Statement of Reasons Form. The court then varied downward from the calculated range and imposed a sentence of 120 months of imprisonment. CR 180. Rosenau did not appeal.

**D.   Rosenau's Motion for Relief Under 28 U.S.C. § 2255.**

On October 30, 2013, Rosenau signed and mailed the presently pending motion for relief under 28 U.S.C. § 2255. CR2255 1 at 14. The motion was received and filed in this Court on November 4, 2103. CR2255 1. On January 21, 2014, the Court ordered the United States to respond within 30 days after service of the motion by the Clerk of the Court. CR2255 6. This answer is filed in response to that order.

### III. ARGUMENT

**A.   Rosenau Waived His Right to Collaterally Attack His Sentence on any Grounds Other Than the Ineffective Assistance of Counsel.**

A criminal defendant may waive his or her right to appeal. *United States* v. *Anglin*, 215 F.3d 1064, 1066 (9th Cir.2000). A defendant may also waive the right to bring a collateral attack. *United States* v. *Leniear*, 574 F.3d 668, 672 n. 3 (9th Cir. 2009); *United States* v. *Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993). Such waivers are generally enforceable when they are made knowingly and voluntarily. The enforcement of a waiver in a valid plea agreement preserves the finality of the judgment and sentence imposed. *Anglin*, 215 F.3d at 1066.

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Rosenau's Plea Agreement provides that, so long as the district court imposed a

2    sentence "within or below the Sentencing Guidelines range (or the statutory mandatory

3    minimum, if greater than the Guidelines range)," Rosenau "waives to the full extent of

4    the law . . . any right to bring a collateral attack against the conviction and sentence . . .

5    except as it may relate to the effectiveness of legal representation."  CR 174 at 8.

6    Rosenau was sentenced to 120 months of imprisonment, well below the

7    Guidelines range of 188 to 235 months.  He unambiguously waived his right to challenge

8    a sentence that was within or below that range.  *United States* v. *Bibler*, 495 F.3d 621,

9    624 (9th Cir. 2007).   The record reflects that he entered into the plea agreement

10   knowingly and voluntarily, and his sentence is consistent with the terms of the plea

11   agreement.  CR 175 at 26; CR 174; Statement of Reasons Form.  His section 2255 motion

12   is accordingly barred by his waiver in his Plea Agreement, except for his ability to lodge

13   a challenge based on a claim of ineffective assistance of counsel.

14   Grounds two and three of Rosenau's petition — (2) his contention that his

15   sentence violate the Rule of Specialty and (3) his contention that his sentence violated the

16   Supreme Court's recent decision in *Alleyne* v *United States,* 133 S.Ct. 2151, 2158 (2013)

17   — are barred by this waiver because they are not allegations based on the ineffective

18   assistance of counsel.  They should be denied for that reason.

19   The arguments also lack any merit.  The rule of specialty prohibits a requesting

20   nation from prosecuting an extradited individual for any offense other than that for which

21   the surrendering state agreed to extradite.  *United States* v. *Van Cauwenberghe*, 827 F.2d

22   424, 428 (9th Cir. 1987).  But where the extradition order was made "within an historical

23   and precedential context" that "includes the long-standing practice of United States

24   courts of considering relevant, uncharged evidence at sentencing," the use of "evidence

25   of related criminal conduct to enhance a defendant's sentence for a separate crime within

26   the authorized statutory limits does not constitute punishment."  *United States v.*

27   *Lazarevich,* 147 F.3d 1061, 1063-64 (9th Cir. 1998).  The enhancements that Rosenau

28

Government's Answer Opposing Motion Filed
Under 28 U.S.C. § 2255
ROSENAU-C13-1997MJP - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  challenges were part of his punishment for his drug offense, and not punishment for a

2  separate drug offense or a separate crime of obstruction of justice.  For that reason,

3  Rosenau's contention that his sentence violated the rule of specialty is incorrect.

4          Rosenau is also wrong that his sentence violated the rule announced by the

5  Supreme Court in *Alleyne*.  *Alleyne* concerns statutory mandatory minimums.  It does not

6  apply to sentencing enhancements like those the Court applied in sentencing Rosenau.

7          In *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that the

8  Sixth Amendment requires that any fact "[o]ther than the fact of a prior conviction" that

9  increases the penalty for a crime beyond the prescribed statutory maximum must be

10  submitted to a jury and proved beyond a reasonable doubt (or admitted by the defendant).

11  *Id.* at 490.  In *Harris* v. *United States*, 536 U.S. 545 (2002), the Court held that the

12  constitutional principle recognized in *Apprendi* did not apply to facts that increase a

13  statutory mandatory minimum sentence.  *See Harris*, 536 U.S. at 565, 567-568 (plurality

14  opinion); *id.* at 569, 572 (Breyer, J., concurring in part and concurring in the judgment).

15          In *Alleyne*, the Court reconsidered and rejected the distinction it drew in *Harris*

16  between facts that increase the statutory maximum sentence and those that increase the

17  mandatory minimum.  133 S. Ct. at 2160-2163.  The Court explained that "the essential

18  Sixth Amendment inquiry is whether a fact is an element of the crime," and that "[w]hen

19  a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact

20  necessarily forms a constituent part of a new offense and must be submitted to the jury."

21  *Id.* at 2162.  Because a fact that increases the minimum "aggravates the legally prescribed

22  range of allowable sentences," the Court held, "it constitutes an element of a separate,

23  aggravated offense that must be found by the jury."  *Id.*  The Court noted, however, that

24  its ruling did not "mean that any fact that influences judicial discretion must be found by

25  a jury," and that it had "long recognized that broad sentencing discretion, informed by

26  judicial factfinding, does not violate the Sixth Amendment."  *Id.* at 2163.

27

28

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Rosenau's reliance on *Alleyne* is misplaced because the sentencing enhancements that he challenges are not statutory mandatory minimums as in *Alleyne*. *Alleyne* applies only to facts that constitute an element or ingredient of the charged offense, 133 S.Ct. at 2158. *Alleyne* did not affect the holding of *United States* v. *Booker*, 543 U.S. 220 (2005), that sentencing courts may make factual findings that increase a defendant's Sentencing Guidelines range, so long as the Guidelines are treated as advisory. The United States Court of Appeals for the Ninth Circuit accordingly held in *United States* v. *Vallejos*, __ F.3d. __, 2014 WL 503537 (9th Cir. February 10, 2014), that the district court's finding that a sentencing enhancement for distributing pornography that increased the defendant's defense level by two levels—that is, an enhancement under the guidelines that is directly analogous to those that Rosenau challenges here—did not implicate *Alleyne*'s holding. Indeed, the court explained that because the "distribution enhancement affected neither the statutory maximum sentence nor any mandatory minimum sentence," "neither *Apprendi* nor *Alleyne* is implicated." *Id.* at *3.

Rosenau's reliance on *Alleyne* is also misplaced because *Alleyne* is not retroactive to cases on collateral review. While *Alleyne* adopted a new constitutional rule of criminal procedure, under *Teague* v. *Lane*, 489 U.S. 288 (1989), that new rule is not retroactively applicable to cases that became final before the decision was announced. Under *Teague*, new procedural rules do not apply retroactively to cases on collateral review unless they qualify as "watershed" rules implicating "the fundamental fairness and accuracy of the criminal proceeding." *Saffle* v. *Parks*, 494 U.S. 484, 495 (1990). Like *Apprendi* before it, *Alleyne* did not announce a "watershed" rule. A rule is a "watershed" rule if it is a rule "without which the likelihood of an accurate conviction is seriously diminished." *Schriro* v. *Summerlin*, 542 U.S. 348, 352 ( 2004) (quoting *Teague*, 489 U.S. at 313). The rule announced in *Alleyne* does not concern the accuracy of the conviction.

For these reasons, every Court of Appeals that has considered the question has held or suggested that *Alleyne* is not retroactive to cases on collateral review. *United*

Government's Answer Opposing Motion Filed
Under 28 U.S.C. § 2255
ROSENAU-C13-1997MJP - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   *States* v. *Redd*, 735 F.3d 88, 91 (2nd Cir. 2013) (decision concerns second or successive
2   petition, which requires defendant to show that Supreme Court has "made" new rule
3   retroactive to cases on collateral review); *In re Kemper*, 735 F.3d 211, 212 (5th Cir.
4   2013) (same); *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (same); *Simpson* v.
5   *United States*, 721 F.3d 875, 876 (7th Cir. 2013) (same); *United States* v. *Stewart*,
6   __Fed.Appx. __, 2013 WL 5397401, *1 n*(4th Cir. Sept. 27, 2013).

7   **B.     Rosenau's Ineffective Assistance Of Counsel Claim Lacks Merit.**

8           Rosenau is not entitled to post-conviction relief based on ineffective assistance of
9   counsel.  To establish ineffective assistance of counsel, Rosenau must show (1) that
10  counsel's representation fell below an objective standard of reasonableness, and (2) that
11  there was prejudice from counsel's unprofessional errors.  *Strickland* v. *Washington*, 466
12  U.S. 668, 694 (1984).  There is a strong presumption that defense counsel rendered
13  adequate assistance.  *Jones* v. *Ryan*, 583 F.3d 626, 637–38 (9th Cir. 2009).

14          **1.     Defense Counsels' Representation Did Not Fall Below An Objective
15                 Standard Of Reasonableness.**

16          A Section 2255 Motion based on ineffective assistance of counsel fails unless the
17  defendant shows that former defense counsel's performance fell below an objective
18  standard of reasonableness.  *Strickland*, 466 U.S. at 690.  The petitioner must identify the
19  acts or omissions of counsel that are alleged not to have been the result of reasonable or
20  professional judgment.  *Id.*   The court must determine whether, in light of all the
21  circumstances, the identified acts or omissions were outside the range of professionally
22  competent assistance.  *Id.*

23          Rosenau claims that his defense counsel erred in several respects by allowing him
24  to enter into his plea agreement.  He contends (Supp Br. 8) that he was led to believe that
25  he would be subject to a five-year mandatory minimum sentence, that he would be held
26  accountable for no more than 945 kilograms of marijuana, that no enhancements would
27  be applied to his sentencing level that were not stipulated to in the plea agreement, and
28

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206)553-7970

1  that he would be granted a transfer back to Canada as the United States would not oppose

2  the transfer.  He also argues that the plea agreement was unnecessarily confusing because

3  he pleaded guilty to conspiring to import more than 100 kilograms of marijuana, but also

4  specifically acknowledged in the agreement both that the government was free to argue

5  for "additional relevant conduct as defined in USSG 1B1.3 that, if found by the Court,

6  could result in an increase in the defendant's base offense level," and that, at sentencing,

7  the parties would be "free to argue the application of any other provisions of the

8  United States Sentencing Guideline" and "are not limited to just the facts included in this

9  Plea Agreement."  CR 174 at 6.  According to defendant, his defense counsel erred by

10 allowing him to agree to these provisions both because they led to an overly confusing

11 sentencing structure that mislead him as to his potential sentence, and because they

12 waived the protections of the rule of specialty.  These contentions fail to establish any

13 error by defense counsel.

14      Rosenau's contention that he thought that he would be sentenced to a five-year

15 term and not subject to any enhancements cannot be squared with the plain terms of the

16 plea agreement or his statements at the change of plea hearing.  The record reflects that

17 Rosenau was aware that he had no guarantee regarding the ultimate sentence that the

18 district court would impose.  He stated that he understood the plea agreement.  CR 175 at

19 5, 7.  He acknowledged that the statutory maximum for his offense was 40 years.  CR 175

20 at 8.  The court specifically informed him that, at sentencing "the government is probably

21 going to argue that the guidelines should be increased" and explained that the

22 determination of the sentence was ultimately up to the court.   CR 175 at 10-11.

23 Rosenau's counsel stated that he had had an opportunity to consult with and advise

24 Rosenau about what he was giving up by pleading guilty, that Rosenau had asked "a great

25 deal" of questions about the plea agreement, and that he was satisfied that Rosenau

26 understood the terms and conditions of the plea agreement.  CR 175 at 19.

27

28

Even an erroneous prediction by the defendant's attorney regarding his sentence does not render assistance ineffective when the district court informs the defendant of the potential consequences of a guilty plea. *Womack* v. *Del Papa*, 497 F.3d 998, 1003 (9th Cir. 2007); *United States* v. *Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990). The record makes clear that the court did so here. There was thus no ineffective assistance with regard to sentencing.

Counsel also did not allow Rosenau to be misled regarding a treaty transfer. The transcript from the change of plea hearing demonstrates that Rosenau was fully aware that he might not obtain a treaty transfer. When Rosenau explained that he was pleading guilty because he hoped that he would get a treaty transfer, the court explained to him that "nobody can promise you a treaty transfer." CR 175 at 17. Rosenau stated that he understood that. CR 175 at 17-18. Also, while the plea agreement states that the United States agreed not to take any position with regard to a treaty transfer, CR 174 at 7, it also states that it binds "only the United States Attorney's office for the West District of Washington" and "does not bind any other United States Attorney's office or any office or agency of the United States." CR 174 at 9. Accordingly, Rosenau's contention that he was misled into believing that agencies of the United States other than the United States Attorney's Office for the Western District of Washington would not take a position on a request for a treaty transfer cannot be squared with this text of the plea agreement. As the September 9, 2013, letter to Rosenau from the International Prisoner Transfer Unit that is attached to his motion makes clear, the United States Attorney's Office for the Western District of Washington "did not take a position" with regard to Rosenau's treaty transfer request and thereby "abided by the terms of the plea agreement."

There was likewise no ineffective assistance with respect to rights under the rule of specialty. As explained above, Rosenau's sentence does not violate the rule of specialty. He was extradited "within an historical and precedential context" which "includes the long-standing practice of United States courts of considering relevant,

Government's Answer Opposing Motion Filed
Under 28 U.S.C. § 2255
ROSENAU-C13-1997MJP - 13

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

uncharged evidence at sentencing." *Lazarevich,* 147 F.3d at 1063-64.  In that context, use of "evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment." *Id.*

### 2.    Rosenau Cannot Establish Prejudice.

A section 2255 motion based on ineffective assistance of counsel fails unless the petitioner shows a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome and the fundamental fairness of the result.  *Lockhart* v. *Fretwell*, 506 U .S. 364 (1993).  This is a hard showing to make with regard to plea negotiations, because it requires the petitioner to "convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla* v. *Kentucky*, 559 U.S. 356, 372 (2010).

Rosenau received a sentence of 120 months imprisonment.  The sentence imposed was within the range set out in his plea agreement, CR 174 at 2, well below the sentencing range of 188 to 235 months based on the advisory Sentencing Guidelines, Statement of Reasons Form at 1, and equal to the mandatory minimum that he would have faced if he had been convicted of all of the counts in the indictment after trial, CR 175 at 7.  In light of that, he cannot show any likelihood that his sentence would have been different if his counsel had advised him not to enter into the plea agreement, or show that it would have been rational for him to reject the plea agreement.

Rosenau has not met either prong of the *Strickland* test.  There is no evidence of a lack of competent legal assistance to Rosenau, nor was Rosenau prejudiced by any of counsel's actions.  His petition should be denied.

### 3.    The Relief That Rosenau Seeks Is Not Available To Him.

Rosenau's petition (Supp. Br. 9, 15) argues that his sentence should be set aside as a result of ineffective assistance, and he should be resentenced to a reduced sentence.  The remedy for ineffective assistance in plea negotiations, however, is generally

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 14

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 withdrawal of the plea, not resentencing under the existing agreement. *Padilla,* 559 U.S.
2 at 373 (describing the "[t]he nature of relief secured by a successful collateral [habeas]
3 challenge to a guilty plea" as being "an opportunity to withdraw the plea").   For that
4 reason, too, Rosenau's petition lacks merit.

5 **D.     A Certificate Of Appealability Should Not Issue.**

6       A defendant may not appeal a decision denying a motion under 28 U.S.C. § 2255
7 without obtaining a certificate of appealability.   28 U.S.C. §2253(c)(1)(B).   The decision
8 whether to grant a certificate of appealability must be made by this court in the first
9 instance.   *See* Ninth Circuit Rule 22-1(a); *see also* Fed. R. App. P. 22(b)(1).   To obtain a
10 certificate of appealability, the defendant must show "that jurists of reason would find it
11 debatable whether the petition states a valid claim of the denial of a constitutional right."
12 *Slack* v. *McDaniel*, 529 U.S. 473, 484 (2000).   For the reasons discussed, Rosenau has
13 not advanced a colorable claim for habeas relief.   He is not entitled to a certificate of
14 appealability.   *See*, *e.g. Allen* v. *Ornoski*, 435 F.3d 946, 951-54 (9th Cir. 2006).

15                        **IV.  CONCLUSION**

16       For the forgoing reasons, Rosenau's motion for relief under 28 U.S.C. § 2255
17 should be denied, and a certificate of appealability should not issue.

18       DATED this 20th day of February, 2014.

19
20                              Respectfully submitted,

20                              JENNY A. DURKAN
21                              United States Attorney

22
23                              *s/Teal Luthy Miller*
                               TEAL LUTHY MILLER
24                              Assistant United States Attorney
25                              700 Stewart Street, Suite 5220
                               Seattle, WA 98101-1271
26                              Telephone:   (206) 553-2465
27                              Fax:          (206) 553-0755
                               E-mail:       Teal.Miller@usdoj.gov
28

Government's Answer Opposing Motion Filed
Under 28 U.S.C. §  2255
ROSENAU-C13-1997MJP - 15

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

**CERTIFICATE OF SERVICE**

2

3    I hereby certify that on February 20, 2014, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system which will send notification of such

4

filing to the attorney(s) of record for the defendant(s).  I hereby certify that I have served

5

the Defendant-Petitioner, Henry C. Rosenau, via U.S. Mail, to wit:

6

Henry C. Rosenau
7    Register No. 41168-086
Northeast Ohio Correction Center
8    2240 Hubbard Road
9    Youngstown, Ohio  44505

10

Dated this 20th day of February, 2014.
11

12                                            *s/Susan Burker*
                                             SUSAN BURKER
13                                           Paralegal

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970