&#x20;

IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF WA

13-CV-01997-RESP

Henry C. Rosenau,
         Petitioner

V.

United States of America,
         Respondent

Judge Marsha J. Pechman
Civil No. C13-1997MJP
Criminal No. CR06-00157MJP

MAR 17 2014

**PETITIONER'S RESPONSE TO GOVERNMENT'S ANSWER OPPOSING MOTION FILED UNDER 28 U.S.C. §2255**

I, Henry C. rosenau, do hereby approach this Honorable Court acting pro-se, filing this response and objection to the Government's Answer to my Motion Filed under 28 U.S.C. §2255. I intend to set forth in the following paragraphs the nature of my objections and hope that this Court will grant proper deference to my claim as set forth.

### NEED FOR EVIDENTIARY HEARING

I believe that, at this juncture, an evidentiary hearing will be absolutely necessary in order to properly sort out my claim and insure that Justice is Served. My first area of contention is that I believe that this Court, and the United States Attorney's Office, should have a full and complete record from the Canadian Government which shows the entire process of extradition which I underwent. I believe that this will be necessary as there are issues which were brought up in the Government's response which run counter to the explicit consent granted by Canada for prosecution of only certain crimes.

Firstly, I would like for it to be noted that the United States Attorney's Office for the Western District Of Washington had submitted several requests for extradition. Several of these requests involved supplemental indictments which the Government intended to prosecute me for. The Extradition Record from Canada would demonstrate that the Government tried to extradite me for crimes which were later alluded to as relevant conduct in order to enhance my sentence. The issue at hand is that the Canadian Government, through the Court system, found the evidence submitted for extradition lacking, and actually refused to allow me to be extradited for those crimes, **only** allowing me to be extradited for the amount which I contended in my Motion under 28 U.S.C. §2255.

-1-

The United States Government's position that Relevant Conduct is acceptable under the Rule of Specialty fails in my instance since the United States Government filed several superceding indictments with regards to my extradition which were rejected and quashed by the Canadian Government.

Also, the fact that the Government used relevant conduct to enhance my sentence when it could have sought permission to punish me for this conduct during extradition and failed to secure permission should carry considerable weight.

I would like for it to be noted that the Rule Of Specialty is a system in place to ensure that International Comity is created in matters of extradition. The United States Government would not accept an extradition request from a receiving country where the explicit punichment to be imposed is not explicitly stated. The Idea that extradition would be granted and then further punishment would ensue is a direct violation of Comity as it is a position the Government woulld not accept from a receiving country.

Therefore, I believe that an evidentiary hearing will be required in order to sort this issue out, especially since there are several factors which play into this matter, namely the Rule of Specialty, including whether the relevant conduct should have been applicable considering the United States Government did request permission to punish me for additional quantities of drug and the Canadian Government refused to allow extradition on those additional quantities. Also, the fact that there was no specific notation in the extradition request stating that I would face punishment, or enhancements to my punishment, for possession of a firearm and using a helicopter, nor is there any dual provision in Canadian law allowing for an enhancement for Possession of a weapon and use of a Helicopter unlless specifically charged as a punishable offense.

I also contend that the 2 level obstruction of justice enhancement which I received was not allowable under the Rule of Specialty and the United States Canada Extradition Treaty as it was conduct which occured after extradition was granted, and therefore falls under the protection of the Extradition Treaty.

VALIDITY OF RULE OF SPECIALTY GROUND BASED
ON GROUND BEING INCLUDED IN INEFFECTIVE ASSISTANCE
OF COUNSEL CLAIM

The Government's central position when it comes to the Rule of Specialty is that it was barred based on the plea agreement, which only allowed collateral attack based on ineffective assistance of counsel. I would like for it to be noted that my Supplemental Brief in Support of Motion Stated Explicitly that the Rule Of Specialty Ground was actually to be part of the Ineffective Assistance of Counsel claim. Pages 5 and 6 of the Brief note the basic contention of the Violation of the rule of Specialty and the reason why it constitutes ineffective assistance of counse. I also state:

> By allowing this waiver, my attorney waived a protection that he had no right to waive, and resulted in an enhanced sentence. (Ground Two elaborates on the Rule Of Specialty and should be taken **in conjunction with Ground One**)

My contention is that the Rule of Specialty is such an important factor in these proceedings that I required additional space to elaborate on the ground in order to ensure a proper recognition of its significance.

The fact that Counsel allowed waivers which directly affected the Rule Of Specialty and caused me to lose several important protections should not be taken lightly. Extradition Requests are mandated by the United States Canada extradition Treaty, and the Treaty provides explicit protections in order to ensure dual criminality of the offense to be punished and to ensure a commensurate approach to punishment which does not exceed the guidelines of either country.

The fact that the Untied States Government tried to extradite me on several consecutive amounts of Marijuana demonstrates that Relevant Conduct was not considered an appropriate sentencing option by the United States Attorney at the time of my extradition request.

Had the Government wanted to rely on relevant conduct in order to enhance my punishment why would they have gone through the trouble of requesting extradition on a Superceding Indictment which charged me with a second amount, which was to be added to the first amount? This would make no sense based on the Government's position in their response.

The fact remains that the Government filed a Superceding Indictment to the Canadian Government for approval because they needed to file this Request based on the Treaty or else they knew that they would forfeit the right to punish me for these alleged crimes.

-3-

Again, the Extradition Record demonstrates this, that the United States Government, at the time of requesting extradition, did not rely on Relevant Conduct enhancements and instead opted to add to my indictment in order to add to my total punishment. Yet when they did this, the Canadian Government, through the Canadian Federal Court System, found discrepancies in the Indictment, including improper dates, and suspect testimony, and refused to allow extradition on the superceding indictment grounds. My attorney knew this fact and yet when it came time to submit the Plea Agreement for review, he never once brought up the contradiction with regards to the relevant Conduct and the Rule of Specialty, and as such counsel prejudiced my sentence in allowing the Government to enhance my sentence based on improper enhancements, including additional drug quantities, enhancements based on factors which were not alluded to as being punishable enhancements, namely the weapon, helicopter, and obstruction enhancement (Of course, the obstruction enhancement could not have been requested as it occured after the extradition occured, which cyclically makes it an impermissible enhancmenet as the extradition treaty bars punishment for crimes or conduct which occured after extradition was granted and for which a request was not filed with the Government of the Extraditing Country)

THE COURT'S RECORD IS INCOMPLETE AT THIS POINT
AND A JUDGMENT BASED ON THE RECORD AS IT STANDS
WOULD BE INAPPROPRIATE

I do not believe that this matter can be resolved purely by written briefings. As stated at the onset of this response, the Court does not have the full Extradition Record as it was submitted to the Canadian Government, nor does the Court have the rulings which were made by the Canadian Government based on the original and superceding requests for extradition. This lack of information makes it, in my opinion, impossible for the Court to make an adequate decision in this matter as it does not ahve alll the relevant evidence.

I would ask that this Court either formally request the Extradition Record from the Government of Canada, at the address provided below or allow me to file a request to the Canadian Government to provide these documents to the Court for review.

Honorable Peter Mackay
Minister Of Justice And
Attorney General of Canada
284 Wellington Street
Ottawa  Ontario, Canada  K1A 0H8

-4-

Once these documents are in the possession of the Court I do believe that the Court would make the determination that an evidentiary hearing would be necessary in order to ensure that this matter was properly brought before the Court and that the Court had a full opportunity to review this issue and make a determination as to whether or not the sentence imposed met the strict and explicit standards set forth by the United States Canada Extradition Treaty and which falls under the purview of the Rule Of Specialty.

### INEFFECTIVE ASSISTANCE OOF COUNSEL

I would like to reiterate that my contention for Ineffective Asssitance of Counsel Comprises both the matter placed in Grund One in the Brief in Support of Motion but that Ground Two is both a stand alone ground, as well as an elaboration as to why I received ineffective assistance of counsel.

I believe that the Performance Prong of the Strickland Test was satisfied when I was indiced to sign a plea agreement which waived several protections of the Extradition Treaty and gave the Government the right to punish me in a malicious manner without fear of legal recourse due to the provisions of the plea agreement. I believe that weighed against the Rule of Specialty, the Plea Agreement could not have intelligently been entered into nor knowingly since the Agreement forced me to forfiet several grounds of protection and gave the government an unfair advantage. The fact that the government placed, in the plea agreement, language about not pursuing further prosecution for crimes they believed they knew I had committed was an inappropriate addition used to scare me which was not appropriate under the letter of the law with the Extradition Treaty, as punishing me further would have required submission to the Canadian Government for Extradition, and the likelihood of extradition being granted a second time for conduct which occured prior to my extradition would have been highly unlikely. Especially considering the Government's record of adding to my conduct crimes which fell short of prosecutable crimes in Canada, as demonstrated in the Government's rejection of the Superceding Indictment conduct.

Also, the waiver to dismiss the lawsuit against the United States demonstrates that

this plea agreement was insufficient in protecting my rights. Had the suit been allowed to proceed the Government would have had to account for a superceding indictment filed with the Canadian Government which included unverifiable testimony from untrustworthy witnesses. Again, the relevant Conduct used to enhance my sentence stems from similar issues which due to my plea agreement could never have been allowed before a Court of Law. This waiver, as well as all the other waivers which were alluded to in my original brief, demonstrates that counsel allowed me to enter into a plea agreement that could not have been knowingly or intelligently entered into. As such, I believe that the Plea Agreement, as well as the issue with the Rule Of Specialty alluded to throughout this response and in the Brief demonstrate deficient performance and I believe the Prejudice prong could be satisfied when taken into account, as stated in the Brief in Support, that if I was only charged and sentenced for the drug quantity without enhacement, this sentence would be greater than the new guidelines range sentence and as such I would be entitled to resentencing under a new guidelines range.

## CONCLUSION

Therefore, I humbly request this Court to consider the issues brought forth in this Response, and to grant me the relief sought in the Motion under 28 U.S.C. 2255, or to request the Information Record of my Extradition from canada, and proceed forward with an Evidentiary Hearing in order to ensure a proper disposition in this matter.

Respectfully Submitted

_Henry C. Rosenau_ (signature)              MARCH 11/2014

Henry C. Rosenau                              Date
#41168-086
NEOCC
2240 Hubbard Road
Youngstown, Ohio, 44505

## CERTIFICATE OF SERVICE

I certify that on this date I have submitted a copy of Petitioner's Response to Governments Answer to the following party, postage affixed, and submitted to the Northeast Ohio Correctional Center Mail retrieval System

Jenny A Durkan
United States Attorney                        _Henry C. Rosenau_ (signature)
700 Stewart Street                             Henry C. Rosenau
Suite 5220
Seattle, Washington, 98101-1271                MARCH 11/2014
                                               Date

-6-