UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY C. ROSENAU,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CASE NO. C13-1997 MJP

ORDER DENYING MOTION TO VACATE SENTENCE

This matter comes before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255. (Dkt. No. 1.) Having read the Motion and supplemental brief (Dkt. Nos. 1, 5), the Response of the United States (Dkt. No. 7), Petitioner's Reply (Dkt. No. 9), and all related papers, the Court hereby DENIES the Motion.

**Background**

Petitioner Henry C. Rosenau pleaded guilty to one count of Conspiracy to Import Marijuana on July 11, 2012. (Case No. CR06-157MJP, Dkt. No. 173.) In the plea agreement, both parties agreed a base offense level of at least 30 applied, corresponding to "at least 945 kg of marijuana" pursuant to USSG § 2D1.1(c). (Case No. CR06-157MJP, Dkt. No. 174 at 6.)

They further agreed they were "free to argue the application of any other provisions of the United States Sentencing Guidelines," but also that the Court retained ultimate discretion in sentencing. (Id. at 4, 6.) Because Rosenau is a Canadian citizen who was extradited to the United States, the plea agreement states the United States Attorney's Office for the Western District of Washington would not take a position on any request for a treaty transfer. (Id. at 7, 9.)

The plea agreement included a waiver of the right to appeal and to collaterally attack his sentence as long as the Court imposed a sentence "within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range)[.]" (Id. at 8.) The waiver contained an exception for claims based on ineffective assistance of counsel. (Id.)

Rosenau's Presentence Report ("PSR") calculated his Sentencing Guideline range to be 188 to 235 months based on a total offense level of 36 and a criminal history category of I. (Case No. CR06-157MJP, PSR at 6-7.) This total offense level was based on a base offense level of 32, including a two-point enhancement for at least 1,174 kg of marijuana and three relevant conduct enhancements because the offense involved possession of a firearm, use of unscheduled aircraft to import the marijuana, and obstruction of justice. (Id. at 5-6.) This Court sentenced Rosenau to 120 months of imprisonment. (Case No. CR06-157MJP, Dkt. No. 180.) The Department of Justice ("DOJ") later denied Rosenau's request to transfer to Canada. (Dkt. No. 1 at 14.)

Rosenau now moves to vacate his sentence under 28 U.S.C. §2255, claiming his defense counsel was ineffective during plea negotiations because his counsel allowed him to enter into a "contradictory and misleading" plea agreement. (Dkt. No. 5 at 8.)

## Discussion

I. Collateral attack waiver

As a preliminary issue, the Court must decide whether Rosenau's claims are barred by his plea agreement waiver of "any right to bring a collateral attack . . . except as it may relate to the effectiveness of legal representation." (Case No. CR06-157MJP, Dkt. No. 174 at 8.) A criminal defendant's waiver of his right to bring a collateral attack "is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Leniear, 574 F.3d 668, 672 (9th Cir. 2009) (internal quotations omitted). Here, Rosenau does not argue the waiver was made unknowingly or involuntarily, but rather that the plea agreement "waived several valuable protections which counsel should have protected." (Dkt. No. 5 at 10.)

Pro se "motions from prisoners are to be liberally construed." United States v. Seesing, 234 F.3d 456, 462 (9th Cir. 2000). To the extent Rosenau's contention regarding his treaty transfer denial constitutes an argument that the Government breached the plea agreement, nothing in the plea agreement nor case law precludes Rosenau from bringing this claim. See, e.g., United States v. Manzo, 675 F.3d 1204 (9th Cir. 2012) (holding Government breached plea agreement despite waiver of right to appeal or bring collateral attack). Rosenau argues the DOJ's denial of his treaty transfer request conflicted with the terms of the plea agreement because the agreement stated, "The United States agrees to take no position with regard to any request by Defendant for a treaty transfer . . . ." (Dkt. No. 5 at 9; Case No. CR06-157MJP, Dkt. No. 174 at 7.) However, the plea agreement clarifies that it "binds only the United States Attorney's Office for the Western District of Washington" and not "any other office or agency of the United States." Thus, the larger DOJ was not bound to take no position regarding a treaty transfer request, and the Government did not breach the plea agreement.

The only waiver issue remaining is whether each of Rosenau's claims falls within the exception for ineffective assistance claims. Rosenau's enumerated grounds for his Motion are not barred by the collateral attack waiver because they all relate to his ineffective assistance of counsel claim listed under "ground one." Under ground one, Rosenau contends defense counsel allowed waivers that affected protections under the rule of specialty and resulted in the Court's consideration of sentencing enhancements. (Dkt. No. 5 at 4.) Both contentions appear again in substantially similar phrasing under ground two, arguing violation of the rule of specialty, and ground three, arguing Alleyne error. (Id. at 5-6.) The rule of specialty and Alleyne arguments are, essentially, ineffective assistance of counsel claims. Accordingly, Rosenau's arguments are not encompassed in the scope of the collateral attack waiver and can be properly heard by this Court. Also, notably, because Rosenau's Motion is not barred by waiver, Rosenau has not breached his plea agreement. (Id. at 28.)

II. Ineffective assistance of counsel

To prevail on a theory of ineffective assistance of counsel, Rosenau must show (1) counsel's representation fell below an objective standard of reasonableness, and (2) prejudice resulted from counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 694 (1984). There is a strong presumption that defense counsel rendered adequate assistance. Jones v. Ryan, 583 F.3d 626, 637-38 (9th Cir. 2009).

Rosenau contends his defense counsel erred by allowing him to enter into a "contradictory and misleading" plea agreement, which misled him regarding his potential sentence. (Dkt. No. 5 at 8.) He also alleges his counsel failed to inform him of his rights under the rule of specialty in the extradition treaty and under Alleyne v. United States, 133 S. Ct. 2151 (2013). (Id.) His contentions are based upon the Court's consideration of sentencing

enhancements, including a higher drug quantity than he expressly pleaded guilty to, as well as upon the DOJ's denial of a treaty transfer to Canada. (Id. at 10.)

a. Objectively reasonable standard for representation

To show defense counsel's performance fell below an objective standard of reasonableness, Rosenau must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. Strickland, 466 U.S. at 690. The court must determine whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. Based on the record before the Court, Rosenau cannot allege he was misled with respect to the drug quantity the Court would consider. In addition, defense counsel's failure to inform Rosenau about the arguments he now raises amounts to an objectively reasonable omission because neither the rule of specialty nor Alleyne apply to the facts of this case.

i. Court's consideration of more than 945 kg of marijuana

Rosenau contends he thought he would be sentenced for "no more than 945 kg" of marijuana and subject to "no other enhancements . . . which weren't stipulated in the plea agreement;" but these claims are not reconcilable with the plain terms of the plea agreement and his statements at the change of plea hearing. (Dkt. No. 5 at 10.) The plea agreement states, "The parties agree . . . at least 945 kg of marijuana . . . was seized . . . but the parties each reserve the right to argue for or against additional relevant conduct . . . that, if found by the Court, could result in an increase in the defendant's base level[.]" (Case No. CR06-157MJP, Dkt. No. 174 at 6) (emphasis added). Rosenau stated he understood his plea agreement and had consulted his attorneys about it. (Case No. CR06-157MJP, Dkt. No. 175 at 5.) And in response to the Court's questions, "Do you understand that according to this plea agreement I'm not bound by your

agreement?" and "Has anyone promised you or guaranteed you what the sentence will be?", Rosenau's answers reflect he was aware he had no guarantee regarding the Court's ultimate sentencing determination. (Id. at 6, 11.)

ii. Rule of specialty

In connection with his ineffective assistance claim, Rosenau argues defense counsel erred in allowing him to waive his rights in violation of the rule of specialty under Article 12 of the 1971 Treaty of Extradition Between the United States of America and Canada. (Dkt. No. 5 at 11.) Specifically, Rosenau objects to his enhanced sentence based on conduct that was not part of the underlying extradition request. (Id. at 12.) The rule of specialty "prohibits the requesting nation from prosecuting the extradited individual for any offense other than that for which the surrendering state agreed to extradite." United States v. Iribe, 564 F.3d 1155, 1158 (9th Cir. 2009) (internal quotations omitted). Extradition agreements are executed "within an historical and precedential context" that "includes the long-standing practice of United States courts of considering relevant, uncharged evidence at sentencing." United States v. Lazarevich, 147 F.3d 1061, 1064 (9th Cir. 1998). "Use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment." Id. at 1063 (quoting Witte v. United States, 515 U.S. 389, 399 (1995)).

Rosenau's sentence does not violate the rule of specialty because the relevant conduct evidence considered at sentencing was part of his punishment for conspiracy to import marijuana and not part of punishment for a separate, non-extradited drug or obstruction of justice charge. The relevant conduct evidence considered during sentencing merely related to the crime Rosenau admitted to in the plea agreement and did not change the statutorily imposed sentencing range.

Thus, the sentencing enhancements did not violate the extradition treaty, and defense counsel acted reasonably in not informing Rosenau of any rights under the rule of specialty.

iii. Alleyne

In support of his argument against the Court's determination of drug amount and use of sentencing enhancements, Rosenau relies on the Supreme Court's recent decision in Alleyne. (Dkt. No. 1 at 7.) However, Alleyne does not apply to the facts of this case.

Alleyne held any fact increasing the statutory mandatory minimum sentence for a crime is an element, not a sentencing factor, that must be submitted to the jury for determination. Alleyne, 133 S. Ct. at 2155. Alleyne does not preclude judicial fact-finding within the statutory range, and its holding "does not mean that any fact which influences judicial discretion must be found by a jury." Id. at 2163. In particular, Alleyne does not apply to facts influencing Sentencing Guideline enhancements because the Guidelines are merely advisory and do not trigger mandatory minimums. United States v. Peters, No. CR 09–23–M–DWM, 2013 WL 5492913, at *1 (D. Mont. Oct. 1, 2013) (citing Booker v. United States, 543 U.S. 220, 226 (2005)).

Although Rosenau's guilty plea triggered a statutory mandatory minimum sentence of five years pursuant to 21 U.S.C. 841(b)(1)(B) as indicated in his PSR (Case No. CR06-157MJP, PSR at 10), the Court's consideration of additional conduct that increased the total offense level did not affect the mandatory minimum. Rosenau's 10-year sentence was still within the statutory range of five to 40 years imprisonment. 21 U.S.C. 841(b)(1)(B). (Id.) Accordingly, Alleyne error is not implicated here, and defense counsel acted reasonably in not informing Rosenau of any rights under Alleyne.

b. Prejudicial effect

Rosenau also falls short on the prejudice prong of the Strickland inquiry. In cases in which the defendant pleaded guilty, the prejudice requirement focuses on whether counsel's performance affected the outcome of the plea process. See, e.g., Hill v. Lockhart, 474 U.S. 52, 59 (1985). In his Motion, Rosenau never argues that but for counsel's errors, he would have insisted on going to trial. Indeed, he argues his sentence should be set aside as a result of ineffective assistance, and he should be resentenced to a reduced sentence. But such a remedy for ineffective assistance in plea negotiations is generally unavailable. See Padilla, 559 U.S. at 373 (describing the "nature of relief secured by a successful collateral challenge to a guilty plea" as being "an opportunity to withdraw the plea and proceed to trial").

III. Evidentiary hearing

Rosenau's Motion should be denied without an evidentiary hearing because the court records conclusively show he is not entitled to relief. 28 U.S.C. §2255(b).

**Conclusion**

Rosenau's Motion to Vacate, Set Aside, or Correct Sentence is DENIED without an evidentiary hearing because the Government did not breach the plea agreement and the record conclusively shows Rosenau's defense counsel did not render ineffective assistance.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 25th day of April, 2014.

Marsha J. Pechman
Chief United States District Judge